DMB:AEG/WMN
F.#2010R00172

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MOHAMMED WALI ZAZI,

          Defendant.

- - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 9 2010 ★

BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 10-060 (S-1)(RJD)
(T. 18, U.S.C., §§
1001(a)(2), 1503(a),
1503(b)(3), 1512(b)(3),
1512(c)(1), 1512(k), 1519,
1546(a), 2 and 3551
et seq.)

THE GRAND JURY CHARGES:

### INTRODUCTION TO COUNTS ONE THROUGH SIX

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.    Beginning in or about September 2009, the Federal Bureau of Investigation ("FBI") was investigating the activities of Najibullah Zazi and others, including a plot by Najibullah Zazi and others to detonate improvised explosive devices within the United States on behalf of al-Qaeda, a designated foreign terrorist organization (the "Najibullah Zazi Investigation").

2.    As part of the Najibullah Zazi Investigation, FBI special agents within the Eastern District of New York, the District of Colorado and elsewhere, along with other law enforcement officers, conducted investigative activities.

3.    Beginning on or about September 9, 2009, a federal grand jury in the Eastern District of New York took part in the Najibullah Zazi Investigation.

4.    Beginning on or about September 16, 2009, a federal grand jury in the District of Colorado took part in the Najibullah Zazi Investigation.

<u>COUNT ONE</u>
(Conspiracy to Obstruct Justice)

5.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.    In or about and between September 2009 and October 2009, within the Eastern District of New York, the District of Colorado and elsewhere, the defendant MOHAMMED WALI ZAZI, together with others, did knowingly and intentionally conspire to (1) corruptly alter, destroy, mutilate and conceal objects, to wit: glasses, masks, liquid chemicals and containers, and attempt to do so, with the intent to impair the objects' integrity and availability for use in one or more official proceedings, to wit: an investigation by the FBI, proceedings before one or more Federal grand juries and a criminal proceeding before a judge and court of the United States, all relating to Federal crimes of terrorism (collectively, the "Federal Terrorism Proceedings"), contrary to Title 18, United States Code, Section 1512(c)(1), and (2) corruptly obstruct, influence and impede said official

2

proceedings, and attempt to do so, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

COUNT TWO
(Obstruction of Justice)

7.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

8.    In or about and between September 2009 and October 2009, within the Eastern District of New York, the District of Colorado and elsewhere, the defendant MOHAMMED WALI ZAZI, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal, and attempt to alter, destroy, mutilate and conceal, one or more objects, to wit: glasses, masks, liquid chemicals and containers, with the intent to impair the objects' integrity and availability for use in one or more official proceedings, to wit: the Federal Terrorism Proceedings.

(Title 18, United States Code, Sections 1512(c)(1), 2 and 3551 et seq.)

3

## COUNT THREE
(Witness Tampering)

9.   The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

10.   In or about and between September 2009 and October 2009, within the District of Colorado, the defendant MOHAMMED WALI ZAZI, together with others, did knowingly, intentionally and corruptly persuade, and attempt to persuade, one or more persons, with intent to hinder, delay and prevent the communication to one or more law enforcement officers and judges of the United States of information relating to the commission and possible commission of one or more Federal offenses.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

## COUNT FOUR
(Obstruction of Justice)

11.   The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

12.   In or about and between September 2009 and October 2009, within the District of Colorado, the defendant MOHAMMED WALI ZAZI, together with others, did knowingly and intentionally alter, destroy, mutilate, conceal and cover up one or more tangible objects, to wit: glasses, masks, liquid chemicals and

4

containers, with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, to wit: an investigation by the FBI into federal crimes of terrorism, and in relation to and contemplation of such matter.

(Title 18, United States Code, Sections 1519, 2 and 3551 et seq.)

COUNT FIVE
(Obstruction of Justice)

13.    The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

14.    In or about September 2009, within the Eastern District of New York, the District of Colorado and elsewhere, the defendant MOHAMMED WALI ZAZI, together with others, did knowingly, intentionally and corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due administration of justice, to wit: by providing false information in connection with the Federal Terrorism Proceedings.

(Title 18, United States Code, Sections 1503(a), 1503(b)(3), 2 and 3551 et seq.)

5

## COUNT SIX
(Material False Statements)

15.   The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

16.   On or about and between September 16, 2009 and September 18, 2009, both dates being approximate and inclusive, within the District of Colorado, the defendant MOHAMMED WALI ZAZI did knowingly and willfully make one or more materially false, fictitious and fraudulent statements and representations, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the FBI, where the offense involved international and domestic terrorism, in that the defendant falsely stated to an FBI agent that (a) he did not speak to anyone in New York about Najibullah Zazi being in trouble, when in fact, as he then and there well knew and believed, the defendant had spoken to an individual in New York about Najibullah Zazi being in trouble, and (b) he did not know anyone named "Ahmed Wais," when in fact, as he then and there well knew and believed, the defendant knew an individual named Ahmed Wais Afzali.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

6

### INTRODUCTION TO COUNTS SEVEN AND EIGHT

At all times relevant to this Superseding Indictment, unless otherwise indicated:

17. The defendant MOHAMMED WALI ZAZI had a nephew, whose identity is known to the Grand Jury (hereinafter, the "Nephew"). The Nephew was not the defendant's son, and was never adopted by the defendant as the defendant's son.

18. In or about August 1997, the defendant caused a Refugee/Asylee Relative Petition to be filed on behalf of the Nephew. The petition falsely stated that the Nephew was the defendant's son.

19. In or about August 1997, the defendant caused his attorney to file two affidavits in support of the above-mentioned Refugee/Asylee Relative Petition to establish that the Nephew was the defendant's son.

   a. One of the affidavits, from an individual whose identity is known to the Grand Jury (hereinafter, "Affiant #1"), attested to the following: "[The Nephew] is the child of Mohammed Wali Zazi and [the defendant's wife]. . . . I have personal knowledge of [the Nephew's] birth because I am a friend of his father and I was present at the time of his birth."

   b. The second affidavit, from an individual whose identity is known to the Grand Jury (hereinafter, "Affiant #2"), attested to the following: "[The Nephew] is the child of

7

Mohammed Wali Zazi and [the defendant's wife]. . . . I have
personal knowledge of [the Nephew's] birth because I am a friend
of his father."

        c.   The cover letter from the defendant's
attorney, prepared from information provided by the defendant,
stated that the Nephew's birth certificate had been destroyed in
Afghanistan.

        20.   In or about May 1998, the Immigration and
Naturalization Service ("INS") informed the defendant that his
August 1997 submission was insufficient because the affidavit by
Affiant #2 did not describe how Affiant #2 had acquired knowledge
of the Nephew's birth.

        21.   On or about May 13, 1998, the defendant caused his
attorney to submit a second affidavit from Affiant #2 that
attested to the following: "[The Nephew] is the child of Mohammed
Wali Zazi and [the defendant's wife]. . . . I have personal
knowledge of [the Nephew's] birth because I am a friend of his
father and I was present at the time of his birth."

        22.   On or about May 26, 1998, the INS granted the
defendant's Refugee/Asylee Relative Petition, which allowed the
Nephew to enter the United States as an asylee.

        23.   In or about June 2006, the defendant caused an
Application for Naturalization to be filed on his own behalf
listing the Nephew as one of his six children.

24.   In or about and between December 2006 and January 2007, in New York, New York, the defendant provided his attorney with the information necessary to prepare a Form I-130 Petition for Alien Relative (the "Petition") on behalf of the Nephew.   The Petition falsely stated that the Nephew was the defendant's "Child," and indicated that the Nephew was not related to the defendant by adoption.

25.   In or about and between December 2006 and January 2007, in New York, New York, the defendant signed the Petition and swore that the contents of the Petition were true under penalty of perjury under Section 1746 of Title 28, United States Code.

26.   On or about January 8, 2007, the Petition was received by U.S. Citizenship and Immigration Services ("USCIS"). The Petition was approved by USCIS on January 15, 2008.

27.   On or about September 16, 2009 and September 17, 2009, the FBI conducted DNA swabs of, among others, the defendant, the defendant's wife and the Nephew.

28.   On or about September 18, 2009, the defendant was interviewed by the FBI at FBI offices in Denver, Colorado. During the interview, the defendant stated that he had adopted the Nephew in Afghanistan when the Nephew was two years old.

COUNT SEVEN
(Visa Fraud)

29. The allegations contained in paragraphs 17 through 28 are realleged and incorporated as if fully set forth in this paragraph.

30. In or about and between December 2006 and January 2007, within the Southern District of New York, the defendant MOHAMMED WALI ZAZI, together with others, did knowingly and intentionally make under oath, and knowingly subscribe as true under penalty of perjury under Section 1746 of Title 28, United States Code, a false statement with respect to a material fact, to wit: that the Nephew was his biological son, when in fact, as the defendant then and there well knew and believed, the Nephew was not his biological son, in an application required by the immigration laws and regulations prescribed thereunder, to wit: a Form I-130 Petition for Alien Relative, and did knowingly present such application, which contained such false statement.

(Title 18, United States Code, Sections 1546(a), 2 and 3551 et seq.)

10

## COUNT EIGHT
### (Material False Statement)

31. The allegations contained in paragraphs 17 through 28 are realleged and incorporated as if fully set forth in this paragraph.

32. On or about September 18, 2009, within the District of Colorado, the defendant MOHAMMED WALI ZAZI did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the FBI, where the offense involved international and domestic terrorism, in that the defendant falsely stated to an FBI agent that the Nephew was his adopted son, when in fact, as he then and there well knew and believed, the Nephew was not his adopted son.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

11

F.#2010R00172
FORM DBD-34
JUN 85

No. 10-CR-060 (S-1)(RJD)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*Mohammed Wali Zazi,*

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 1001(a)(2), 1503(a), 1503(b)(3), 1512(b)(3), 1512(c)(1), 1512(k), 1519, 1546(a), 2 and 3551 et seq.)

*A true bill,*

_____
                                    *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____ .

_____
                                        *Clerk*

*Bail, $* _____

*Andrew E. Goldsmith, Assistant U.S. Attorney (718-254-6498)*