

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BWB:AEG
F.#2010R00172

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 10, 2011

**By Hand Delivery and ECF**

The Honorable John Gleeson
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11202

  Re: United States v. Mohammed Wali Zazi
     Criminal Docket No. 10-60 (S-1)(JG)

Dear Judge Gleeson:

  In its June 3, 2011 motion *in limine*, the government asked the Court to preclude the defendant in the above-mentioned case from arguing at trial that he was prosecuted to pressure his son, Najibullah Zazi ("Najibullah"), to cooperate with the government. The defendant responded to this request by stating that he would not make such an argument. (Letter from Deborah A. Colson, Esq. and Justine A. Harris, Esq. to the Hon. John Gleeson, June 10, 2011, at 1 n.1). In light of material provided to the defendant pursuant to 18 U.S.C. § 3500, defense counsel has informed the government that they now intend to make the argument. The government therefore respectfully requests that the Court rule on the government's previously filed motion. For the Court's convenience, the government has reproduced its prior argument below, with some revisions based on conversations with defense counsel.

  The assertion that the government brought charges against the defendant to pressure Najibullah to cooperate is not a valid defense to the charged crimes and, to the extent the defendant intends to raise the argument in support of a claim of selective or vindictive prosecution, is a matter for the Court and not the jury.

  First, to the extent the defendant raises this argument in the framework of selective or vindictive prosecution, this is a matter for the Court to decide in a pre-trial motion. Federal Rule of Criminal Procedure 12(b)(2) and (3)(A) provides that "[d]efenses and objections based on defects in the institution of

the prosecution . . . may be raised only by motion before trial." It is well-settled that a claim of selective or vindictive prosecution is not "a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 517 U.S. 456, 463 (1996).  See also United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997); United States v. Dufresne, 58 Fed. Appx. 890 (3d Cir. 2003).  Accordingly, claims of selective or vindictive prosecution are the province of the Court rather than the jury.

Second, if the defendant frames the argument more broadly as one of general government misconduct, as he did in his May 2, 2011 reply in support of his pretrial motions (see Reply Memorandum of Law in Support of Mohammed Zazi's Pretrial Motions, May 2, 2011, at 2-7), it remains a matter for the Court and not the jury to consider.  See Regan, 103 F.3d at 1082-83 (claims of government misconduct unrelated to factual innocence of the crime charged); United States v. Cuervelo, 949 F.2d 559, 565 (2d Cir. 1991) ("motion to dismiss an indictment on account of outrageous government conduct is directed to the court rather than jury"); United States v. Nunez-Rios, 622 F.2d 1093, 1098 (2d Cir. 1980) (defense of outrageous government conduct properly decided by judge, rather than jury, because it bars government from invoking judicial processes to obtain conviction).  The result is the same if the defendant argues that a desire to induce Najibullah to cooperate somehow tainted otherwise proper government actions, such as entering cooperation agreements with third parties.

Third, the defendant cannot use as impeachment material certain prior statements of law enforcement agents that have been provided to the defense in discovery: (1) that the investigative strategy with respect to the defendant was or should have been to pursue charges aggressively to pressure Najibullah, and (2) that the strategy should be to build an obstruction case against the defendant to pressure Najibullah.  Such views could not bias the witness's testimony at trial, because – as the defendant has repeatedly pointed out – Najibullah is already cooperating with the government.  Such views do not cast suspicion on the witness's conduct during the investigation, because the witness's goal of investigating and prosecuting crime aggressively is the same in any case.  Testimony about strategic considerations affecting other subjects of investigation has no probative value. See Peeler v. United States, 2005 WL 1719718, at *3 (D. Conn. July 22, 2005) ("evidence showing (1) how federal agents became involved in the ongoing state investigation against [habeas petitioner], and (2) that the true purpose of the federal investigation was to aid state officials" was not material to

2

federal trial and thus government's failure to disclose it before trial was not a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), warranting habeas relief). Such testimony would, however, confuse the jury and should be precluded under Fed. R. Evid. 403.

Accordingly, the defendant should be precluded from arguing to the jury, through witness examination or jury address, that the government improperly investigated or prosecuted him to pressure his son to cooperate with the government.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:       /s/
Berit W. Berger
Andrew E. Goldsmith
Melissa B. Marrus
Assistant U.S. Attorneys
(718) 254-7000

Courtney A. Sullivan
Trial Attorney
Counterterrorism Section
U.S. Department of Justice
(202) 353-3121

cc: Deborah Colson, Esq. (by ECF and electronic mail)