COLSON & HARRIS LLP

10 East 40th Street
Suite 3307
New York, NY 10016

T 212-257-6455
F 212-257-6453

September 23, 2011

By ECF

Honorable John Gleeson
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v. Mohammed Zazi,* 10 Cr. 60

Dear Judge Gleeson:

   Mr. Zazi was convicted on July 22, 2011, following a jury trial, of conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(c)(1) and (c)(2), and destruction of evidence in violation of 18 U.S.C. § 1512(c)(1). The trial concerned his alleged participation in a family plot to destroy chemicals, goggles and masks and to lie to FBI agents during their investigation of his son, Najibullah, for possible terrorist activity. We write pursuant to Rules 29 and 33 to renew our motion for a judgment of acquittal and to request a new trial in the interest of justice. *See* Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion … after a guilty verdict"); Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.").

   Federal Rule of Criminal Procedure 29 requires a judgment of acquittal where, as here, there is insufficient evidence to sustain a conviction. The trial court must view the evidence in the light most favorable to the prosecution and draw all reasonable inference in the government's favor. *See United States v. Autuori,* 212 F.3d 105, 114 (2d Cir. 2000). A judgment of acquittal is required if the court concludes that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Moreover, "if the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Lorenzo,* 534 F.3d 153, 162 (2d Cir. 2008) (reversing conviction for conspiracy to distribute cocaine where evidence equally supported innocence and guilt) (citation omitted).

   "Rule 33 confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). New trials may be granted where the evidence was legally insufficient, *see United States v.*

Honorable John Gleeson
United States District Judge
Page 2

*Leslie,* 103 F.3d 1093, 1100-01 (2d Cir. 1997), or the jury's verdict was against the weight of the evidence.  *See United States v. Landau,* 155 F.3d 93, 104 (2d Cir. 1998).  In "exceptional circumstances," the court may reject the jury's assessment of witness credibility.  *Sanchez,* 969 F.2d at 1414.  *See, e.g., Autuori,* 212 F.3d at 121 (new trial properly granted where "the credibility of the principal witnesses was weak" and "the soundness of the verdict is highly doubtful").

      Our motion is made on three grounds.

      First, the lies and witness tampering charged in Count One, the conspiracy count, were beyond the reach of 18 U.S.C. § 1512(c)(2).  Section 1512(c), which was enacted as part of the Sarbanes Oxley Act of 2002, was designed to address the destruction of documentary and physical evidence.  Whether it also applies to testimonial evidence is an open question in the Second Circuit.  *See United States v. Kumar,* 617 F.3d 612, 619-20 (2d Cir. 2010) (leaving open the question whether § 1512(c)(2) applies to statements).  However, the language of § 1512(c), the existence of another witness tampering statute, *see* 18 U.S.C. § 1512(b), and the rule of lenity all call for a narrow reading of § 1512(c) and the resolution of any ambiguity in Mr. Zazi's favor.  *See* Defense motion *in limine* dated July 6, 2011.

      Second, even if § 1512(c)(2) does apply to false statements, the government failed to prove the essential elements of a § 1512(c)(2) conspiracy beyond a reasonable doubt.  The government alleged two sets of false statements under § 1512(c)(2):  lies about Mr. Zazi's relationship with his biological nephew, Amanullah, and lies about Mr. Zazi's phone calls with a man named Ahmed Wais Afzali.

      The government accused Mr. Zazi of falsely claiming Amanullah as his adopted son and subsequently encouraging family members to lie about Amanullah to the grand jury.  We argued that Mr. Zazi's statements to the agents were misinterpreted.  Either way, the government failed to establish his corrupt intent.  To prove a conspiracy to violate § 1512(c)(2), the government was required to show that Mr. Zazi agreed with others to "corruptly…obstruct[], influence[], or impede[] any official proceeding." 18 U.S.C. § 1512(c)(2).  Corrupt intent has been defined as "conscious[ness] of wrongdoing." *Arthur Andersen v. United States,* 125 S.Ct. 2129, 2136 (2005).  It requires "a nexus between a defendant's corrupt act and its effect on the official proceeding," *United States v. Jahedi*, 681 F. Supp. 2d 430, 435 (S.D.N.Y. 2009), meaning prosecutors had to demonstrate that Mr. Zazi knew his actions were likely to affect the official proceeding.  *See Arthur Andersen,* 125 S.Ct. at 2137 ("[I]f the defendant lacks knowledge that his actions are likely to affect the judicial proceeding … he lacks the requisite intent to obstruct") (citation omitted); *United States v. Reich*, 479 F.3d 179, 185-86 (2d Cir. 2007) (applying the nexus requirement to § 1512(c)(1)).  The judicial proceeding at issue here was a federal grand jury investigation into Najibullah's terrorist plot.  Thus, to meet its burden, the government was required to show that Mr. Zazi conspired with others to lie about Amanullah, knowing that their lies were likely to affect the grand jury's terrorism investigation.

      The government initially intended to argue that Mr. Zazi lied about Amanullah in order to conceal his prior misstatements to immigration authorities.  As the court observed, however, lying to conceal a prior crime does not evidence the intent to obstruct a pending judicial proceeding.  Thus, at trial, the government maintained that Mr. Zazi's misstatements about Amanullah were relevant because Amanullah was a suspect of the grand jury investigation.  They had little evidence, however,

that Mr. Zazi *knew* Amanuallah was a suspect. The interrogating agents neglected to mention it when they questioned Mr. Zazi in September 2009, and prosecutors never offered another reason why Mr. Zazi would have understood this on his own. Proof of such knowledge was essential in establishing even the most tenuous connection between Mr. Zazi's lies and the relevant judicial proceedings. In its absence, the government failed to satisfy the nexus requirement. Morever, even if Mr. Zazi had known Amanullah was a suspect, no reasonable juror could have concluded that he lied about the adoption in order to obstruct the grand jury's investigation, because Amanullah's status as a nephew or adopted child was irrelevant in assessing his involvement in terrorist activity. *Cf. Kumar*, 617 F.3d at 621-22 (quoting *United States v. Jespersen*, 65 F.3d 993, 1001 (2d Cir. 1995) ("[I]t is clear that if the representations made by Richards had been believed, the grand jury would have been thrown completely off the trail that it was pursuing with respect to Richards.")) (internal quotation marks omitted).

The government also alleged that Mr. Zazi falsely denied communicating with a man named Ahmed Wais Afzali. Whatever statements Mr. Zazi made in reference to Mr. Afzali, he did so entirely on his own. A conspiracy is an agreement between two or more people to commit a crime. *See United States v. Cepeda,* 768 F.2d 1515, 1516 (2d Cir. 1985) ("Since the act of agreeing is a group act, unless at least two people commit it, no one does") (citation omitted). Here, prosecutors neglected to present *any* evidence of an agreement with others to lie about communications with Mr. Afzali. And no such proof exists. Indeed, based on our review of the 3500 material, other family members acknowledged overhearing or participating in phone calls between Mr. Zazi and Mr. Afzali. Because the record is devoid of any evidence from which a reasonable jury could conclude that Mr. Zazi agreed with others to lie about the calls, the government failed to meet its burden to prove a conspiratorial agreement.

Third, the government offered insufficient proof of Mr. Zazi's participation in the destruction of evidence to sustain a conviction under § 1512(c)(1). Prosecutors argued that Mr. Zazi conspired to destroy evidence and aided and abetted the destruction of evidence by sending family members to his sister's house to dispose of chemicals and to cut up paper masks and plastic goggles. The evidence destruction, itself, was undisputed. Mr. Zazi's role in the destruction, however, was hotly contested. The government lacked physical evidence connecting Mr. Zazi to the offense. Instead, they relied entirely upon the testimony of Amanullah Zazi and Naqib Jaji, both of whom were thoroughly discredited on cross-examination. Mr. Zazi's only additional connection to the offense was his familial relationship with the perpetrators. It goes without saying that mere association with others who commit a crime is insufficient to establish guilt, either as a co-conspirator or an aider and abettor. *See United States v. Hamilton,* 334 F.3d 170, 180 (2d Cir. 2003) (aiding and abetting statute requires that the defendant knew of the crime and affirmatively acted with the intent to contribute to its success); *United States v. Dickerson,* 508 F.2d 1216, 1218 (2d Cir. 1975) (to aid and abet the commission of a crime, a defendant must "consciously assist[] the commission of the specific crime in some active way"); *Cepeda,* 768 F.2d at 1516 (a conspiracy requires the existence of an agreement between two of more people to commit a crime).

In short, no rational trier of fact could have found the essential elements of either charge beyond a reasonable doubt. Accordingly, Mr. Zazi is entitled to a judgment of acquittal on both counts. In the alternative, a new trial is required in the interest of justice.

Honorable John Gleeson
United States District Judge
Page 4

    Thank you for your consideration.

                                              Respectfully submitted,

                                                    /s/

                                            Deborah Colson
                                            (212) 257-6455

cc:   AUSA Berit Berger
       AUSA Melissa Marrus

3861