

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMB:BWB
F.#2010R00172

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 9, 2012

**By Hand Delivery and ECF**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Mohammed Wali Zazi
>      Criminal Docket No. 10-60 (S-1)(JG)
>      Criminal Docket No. 11-718 (JG)

Dear Judge Gleeson:

The government respectfully submits this letter in response to the affirmations filed by defense counsel on February 8, 2012.  In two sentencing submissions, and again in two supporting affirmations, the defendant contends that the Court should consider counsel's description of informal and unsuccessful plea discussions between the parties when imposing sentence.  The affirmations are legally irrelevant, and, in any event, misleading.

First, the Second Circuit has squarely rejected the argument that courts need consider pretrial plea negotiations when determining an appropriate sentence.  See United States v. Negron, 524 F.3d 358, 360 (2d Cir. 2008) ("[N]othing in 18 U.S.C. § 3553(a) or controlling precedent requires a sentencing court to consider a rejected plea offer."); see also United States v. Yeje-Cabrera, 430 F.3d 1, 26-27 (1st Cir. 2005) ("A defendant simply has no right to a sentence, after trial, that is as lenient as a sentence he could have had earlier in a plea bargain."); United States v. Fell, 372 F. Supp. 2d 773, 783-84 (D. Vt. 2005) (statements in proposed conditional plea agreement have "little or no relevance"), affirmed 531 F.3d 197, 219-20 (2d

Cir. 2008). Plea negotiations, whether formal or informal, are simply not relevant to any of the statutory sentencing factors listed in Section 3553(a). Nor, in any of the defendant's four filings on this issue, has he identified any argument to the contrary.

In any event, the facts articulated by counsel remain incorrect and/or taken out of context.[1] Prior to the plea offer the defendant accepted in October 2011, the defendant was made only one plea offer: in the District of Colorado, he was offered the opportunity to plead guilty to the charged violation of 18 U.S.C. § 1001. This plea offer would likely have resulted in a Guidelines sentence of 46 to 57 months' imprisonment. The defendant rejected this offer. Following his indictment for more serious charges in this District, no additional plea offers were made. Rather, the government and defense counsel had ongoing, informal discussions about whether the case could be resolved short of trial, during which various potential resolutions were addressed. The government made explicit that the authority to extend any plea offer rested with not only the United States Attorney's Office, but also with the National Security Division of the Department of Justice. The government not only did not make any offers contrary to that authority, it never even sought such authority because counsel repeatedly informed the government that the defendant would not plead guilty to any charges. In their recent sworn affirmations, counsel unfortunately express an ignorance of these basic premises that they did not express at the time of the actual discussions.[2]

The defendant, like all criminal defendants, had the right to proceed to trial or to plead guilty to the indictment. In addition, his counsel admirably and effectively sought

---

[1] Should the Court seek any additional facts relating to the conduct of plea discussions in this case, the government would be happy to comply.

[2] Even more unfortunately, counsel's affirmation perhaps unintentionally implies that the government threatened the defendant by stating that it would "look into" his family members if he did not plead guilty. As counsel is aware, the government never made any such threat. Of course trial was likely to - and in fact did - reveal that the defendant's family members were guilty of committing serious crimes with him. The context of the discussion cited by counsel was a joint discussion by the parties of arguments that might appeal to the defendant's view of his leadership role in his family. Counsel's affirmation omits counsel's contemporaneous statement that she understood no threat was made or intended.

opportunities for him to resolve his case favorably without a trial. Those discussions did not culminate in a negotiated plea until after the defendant was convicted at trial. That both parties undertook unsuccessful efforts to avoid that outcome is not relevant to sentencing. Cf. United States v. Araujo, 539 F.2d 287, 292 (2d Cir. 1976).

           Respectfully submitted,

           LORETTA E. LYNCH
           United States Attorney

       By:   /s/
           Berit W. Berger
           Melissa B. Marrus
           Assistant U.S. Attorneys
           (718) 254-6134/6790

           Courtney A. Sullivan
           Trial Attorney
           Counterterrorism Section
           U.S. Department of Justice
           (202) 353-3121

cc:   Clerk of the Court (JG) (via ECF)
    Defense counsel (via ECF and email)